May it please the Court, Brent Renison for the Plaintiff's Appellants. May I reserve three minutes? Sure. In a case involving U.S. citizens, can the Federal Government, in an administrative process that the citizens paid for, accuse the citizen of having a sham relationship without any opportunity to be heard, without no notice or opportunity to be heard? This is the case before the Court today. Is there still a case of controversy? Aren't they? Why isn't it moot? The case is not moot. This current status of the cases was not materially different than what was last briefed. One plaintiff has ---- They each wanted visas for the fiancés. So I understand that two of them are now married. They no longer want the visa, and the other one is no longer engaged to be married. Correct. Okay. So why is it not moot? This is a class action, and under Pitts ---- Has it been certified? No, it has not. Is there even a motion? A motion. No motion. No motion made. No. So how is that a class action? The class action allegations were made. Allegations were made, but there was no motion for class certification. So is there any law that suggests we should treat it as a class? Well, the case in the case of Pitts v. Terrible Earths established that a case that if the case is certified as a class, the class relates back to Pitts. But this isn't. It isn't. So is there a case that tells me that the fact that there's an allegation but no motion even for class certification, we should treat it as a class? I think the case in the Pitts case clearly says that if the case relates back, and that's ---- Didn't you just tell me that was a case where the class was certified? Well, I'm not aware of the ---- Frankly, it seems to me that Pitts is a place where the defendant was offered, the plaintiff was offered a settlement by the plaintiff, and therefore the plaintiff got out before he filed the motion. We don't even have that here. I mean, I read Pitts because that seemed to be your best case, but it doesn't seem to relate. The difference between making an allegation and an early motion prior to any discovery is really one of very little difference substantively with if I were to have filed a motion for class certification, it would have been stayed. If I would have filed a class motion prior to . . . But every case I have says the filing of the motion makes a difference. The only time I can come to is Pitts, and there we don't have that. There, the defendant wanted to get out of the class by getting rid of the plaintiff, so they settled with him. I said you can't get rid of it by that way. If the ---- if the Court establishes a rule that encourages people to file motions at the outset, you will get motions that are not completely based on all the information that could be marshaled. You will have cases that are ---- motions that are stayed that will have to be amended, additional burdens on the Court to receive additional files. You might have interested parties, though. I mean, the problem we face is that as a jurisdictional matter, we have to have a case of controversy, and it appears that none of the plaintiffs have a continuing interest in the cause. So where's our plaintiff with jurisdiction? Well, the problem is in the short duration of the life cycle of this issue. That may be an explanation, but I'm not sure it's a solution. Can you give us any authority that says that's a solution to our jurisdiction problem? I don't believe there's any case exactly on point. I believe that the policy behind a ---- allowing a case or controversy to exist in a class action is very important. I believe that if you have ---- So you're arguing that all one needs to do is go in and file for a class action, even if there was no intent to come forward in the class action. If it's filed and there's allegations, no motion, no plaintiff was picked off. But in that instance, when both plaintiffs ---- all three plaintiffs with no class action in front of us want to continue or have any reason to continue, we're still to go forward? You would rather that ---- that's the rule you're arguing for? Well, Your Honor, no. A simple allegation is enough? No. But the unique posture of this case is a motion to dismiss prior to any discovery being allowed. That ---- there was no certified administrative record even filed in this case. We received nothing. We had a discovery conference, and discovery was stayed. If the Court is to rule that there should have been a motion filed, everyone's going to file a motion right with the complaint. It doesn't serve any purpose administratively, judicially, in the judicial administration. And I think there is a difference here because the critical difference here is there were ---- this is a government case as well. There's no certified administrative record even filed here. That's the usual case. They'll send something to AFILE. We have nothing. But I don't understand why the availability of the record speaks to the jurisdictional problem. I mean, what we don't have here is a plaintiff with a cause of action. And the record's not going to speak to that one way or the other. But the possibility of filing a motion to certify what you really need is a plaintiff. And the existence of a record, I mean, maybe I'm missing something, but how does that speak to the existence of a plaintiff? Well, there is some interest here. The part of the allegations were that because they were not provided with an opportunity to be heard on this, they had to refile everything with new filing fees. These are not insignificant filing fees for most people, $805 total. And with the number of denials every year, in possibly the tens of thousands, this is not an insignificant class. This is a lot of money. However, if we look at those fees, I've failed to find the statutory complex that allows me to find that to be a reimbursable cost at all. The Administrative Procedures Act doesn't allow for it. There's nothing that I know of that says that the fees is something we can really talk about here. What's your best authority for suggesting that that's any more than just a cost that the Administrative Procedures Act allows to be continually collected? What's your best authority? I mean, I can hear your argument, but I can't find the case nor the statute. Is there some authority? It is true, Your Honor. It is true, Your Honor, that the government generally does not issue refunds. However --" Is there any authority? I'm not asking for your authority.  I have no authority for that. All right. If the government is able to profit from this system, and it did play out the way the plaintiffs intended it to eventually. They were able to obtain their notice and their opportunity to respond to the allegations of sham marriage or a sham relationship only after paying a new filing fee and doing the process entirely anew. And that isn't fair in any sense of the word. And I believe that fairness dictates that they receive a refund of the filing fees that they should not have had to pay. Did they get visas issued? Or do I understand you to say they got visas issued? Yes. I thought they went to or traveled overseas to get married. Did I misunderstand that? No. There were three different plaintiffs had three different, you know, situations happen to them. Okay. Who got the visa issued finally? Daniel Dinh's fiancee got the K-1 issued. On the second time? On the second time around. She's the only one, right? She's the only one. And the other one, the other plaintiff went to Vietnam? The other plaintiff went to Vietnam, married in, I think, January. And now filing an I-130, right? And then filed an I-130, yes. And the third one is just a single dude, right? That's right. Yeah. So that's the, you know, you can see that these three plaintiffs do in large measure represent the entire class. And there are many, many cases just like this that replay themselves, you know, at certain consulates more than others, but certainly across the board. So your argument isn't that these plaintiffs would be in this situation again, but that there are others who would be in this situation again? Certainly. If I were allowed to go forward with your class action. Yes, Your Honor. If I were allowed to go forward, I would have many more plaintiffs to substitute they're waiting to be called upon. So and they all have – there's really not a lot of variance here. In fact, if you look at the denials, you will see they are template. They could be, you know, as much as a macro putting in the different denial bases, they are almost identical. So we have very identical facts replaying themselves over and over again. And despite government assurances that they would change the wording of those notices, they have not. They still – Is there some reason why you haven't brought a lawsuit on their behalf? I'm sorry. I didn't – I'm puzzled why you haven't brought a lawsuit on your behalf. Judge Mossman ruled against you in March of 2011. Here we are, October of 2012, a year and a half later. Maybe you'll win today. Maybe you won't win today. But if you have other plaintiffs, why don't you just bring an action for them? Well, I can bring another action. And – I mean, if you have plaintiffs with live controversy, I'm kind of puzzled. You're telling us you have plaintiffs with live interests, why they're waiting for the result of this appeal instead of suing. It must be my failing, Your Honor. I'm not casting dispersions. I'm just trying to figure out why, you know, why that would be. I see you wanted to reserve three minutes, and you're down to two and a half. Thank you, Your Honor. Okay. Thank you. Good morning. Good morning. May it please the Court. My name is Jeffrey Robbins, counsel for defendants of Hallease. Your Honors, primarily address the question of mootness in this case, and the government's primary contention is that the claims of all three named plaintiffs are moot. Did you say anything about the last third person who broke up with his fiancée? Did you make any argument in there that that particular case was moot in your briefs? No, we did not. At the time that we prepared our briefs, we were not aware that that relationship had been broken up. That's a new fact brought to the table, an acknowledgment or concession that we would argue plaintiffs have raised in their reply that makes the entirety of the case moot. The — while it is a new fact that has come before the Court in a reply pleading, that shouldn't prevent the Court from finding that the entirety of the case is moot, because with questions of mootness, especially as facts develop in a case, claims can become moot at any time. This is one such instance where it happened very late in the game during the reply stage of pleading. But — And, in fact, we can sui sponte, look into that ourselves, correct? Yes. And that shouldn't prevent the Court from finding that this case is moot, because all three named plaintiffs no longer have live cases or controversies. The primary thing here, as it applies to the possibility and capability of repetition of claims as to the individual plaintiffs or anything as it relates to potential class claims, is that here the government hasn't done anything to pick off individual plaintiffs that has resulted in the mooting of their claims during the course of the litigation. That the actions that have resulted in mootness here are voluntary actions by plaintiffs. Admittedly, tough calls and decisions in how to pursue their efforts to bring their fiancées to the United States, but they could have waited for the outcome of this suit before seeking other forms of benefits, which they then, at least two out of three plaintiffs, received that resulted in the mooting of their claims. Is there any doubt that there are potential plaintiffs out there, there are other people that would be interested in pursuing this claim that don't have the mootness problem? I'm not aware personally of any specific plaintiffs, but I don't doubt that there may be. It would be speculation, but that there may be some out there with live claims. And in terms of the capability of repetition of these issues here, it is wholly possible for those individuals to seek relief in their claims if they're still live. It's not necessary for this Court to remand the case to allow it to be continued as to these three named plaintiffs for them to later seek a class certification. That kind of turns the whole notion of initial pleadings and class certification on its head and would be contrary to this Court's decision in Boyle v. Madigan, which basically found that a class could not be approved once the named plaintiff's claims become moot. And the case — There is a certain inefficiency here. I mean, this litigation has been going on for a while now, and all we're looking at now is the possibility of recycling and beginning all over again. You've got a decision from the district court that you kind of like. Are you really sure you want to recycle? We believe that's what the law requires in this case.  That case is distinguishable. While there is some broad language in this case regarding when a class action could still be considered that has some gray area to be applicable here, that on the facts Pitts is distinguishable, as Your Honor noted, because there, at most, the class certification motion was denied as untimely very late in the game after the individual claims had been resolved. And additionally, as I noted earlier, a key point in that decision by this Court hinged on the voluntary — I'm sorry, hinged on the transitory nature of claims. And contrary to Plaintiff's repellent's argument, the claims here, in fact, weren't transitory. They had been live for quite some time until plaintiffs themselves took other actions that would result in the mooting of their kidneys. Kennedy. Plaintiff suggested that the effort to recover the filing fees or the duplicative filing fees give us a live cause, do they? They don't, and there's two reasons why. The first is that, as Plaintiffs acknowledge, there's no showing and there's no requirement for them to sustain a mandamus action or to argue that there's still a sustainable mandamus action, that they have any entitlement to those fees. There's no statute or regulation that would require the refunding of those fees to them. Again, it kind of goes back to the issue of voluntariness, where they made the decision to pursue other actions that is something that resulted in them ultimately receiving a benefit, and the fact that they had to pay additional fees to make that happen is just a circumstance of this case. But the other key issue here that goes to counter the claim that the plaintiffs made or the argument that could be made that sometimes individuals in APA actions can receive some fees in terms of a compensatory damage that the Supreme Court recognized in its Bowen case, which the government did cite in its pleadings, is that what they're seeking here, what plaintiffs seek here, isn't compensation for some loss as a result of an administrative process or administrative delay. What they're seeking, and they argue this on page 4 of their, I believe, reply brief, is that plaintiffs, that the government illegally received the filing fees. And that type of argument isn't one we would argue for compensatory damage. It's an illegal exaction claim which, while we didn't have the opportunity to brief this before, the government would, again, raise to the Court for issues of jurisdictional consideration, that those types of claims must be brought under the Little-Tucker Act, 28 U.S.C. 1346a2. The complaint is devoid of that sort of claim. And so in order to state that kind of claim for that type of compensation, that's how one would have to bring the claim where plaintiffs haven't brought that claim, even if the Court thought that there was some entitlement to fees. That's how they would have to seek that compensation, and they have not. So they cannot now argue that their pleadings are sufficient to amorphously maintain those claims for the named plaintiffs to those fees. And unless the Court has any further questions. Roberts. Thank you, Your Honor. Mr. Renneson, you've got two and a half minutes left. Thank you, Your Honor. The government stated that the plaintiffs themselves took actions to get their visas. Obviously, they did. The government also took actions to grant those visas. I think that the nature of these claims speaks to the need for some accommodation for this type of case. We have a very clearly set out class allegations. Yes, they are only allegations. We have no discovery whatsoever. So these are factors. No discovery was allowed. And a motion for class certification would have been premature. If it had been filed, it would have been stayed. If it would have been stayed, it would have needed amending. That does not promote judicial efficiency. I understand the concern with having just, you know, some broad class allegations in a complaint just to avoid a mootness argument. However, these are not the facts of this case. The facts of this case are very narrow and involve no discovery whatsoever, which is often completed at the beginning of a case, and no discovery was allowed. And this was on a motion to dismiss all claims for the doctrine of consular non-revealability. And so it is unique in that sense. And additionally, the, you know, inefficiency is not what the law requires. It's what the courts establish, and I believe the court can establish something that can accommodate the interests of this class. If this is dismissed for mootness, there will be another lawsuit. That does not promote efficiency either. And it will just encourage people to file a class certification motion at the outset. I believe there was a dissent, and I can't recall which justice dissented in a case perhaps it was Sosna, talking about, you know, whether the class had to be certified. It really, if you have, I see my time is out. Thank you very much. The case just started. You can submit a thank you, gentlemen. 11-35600 Hunt versus City of Portland. Each side will have 15 minutes. Morning. Good morning.
judges: Silverman, Clifton, Smith